In the Matter of WILLIAM O'GORMAN et al., Respondents, against JOSEPH SCHECHTER et al., Constituting the Department of Personnel, Civil Service Commission, City of New York, et al., Appellants.

First Department, March 11, 1958.

*Seymour B. Quel* of counsel (*Leo A. Larkin* and *John F. Kelly* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellants.

*Samuel Resnicoff* for respondents.

*Howard Henig* for Welfare Office Managers Association, *amicus curiæ.*

*Charles F. Murphy* for the Association of Reclassified Employees in the Civil Service of the City of New York, *amicus curiæ.*

*Per Curiam.* Petitioners, employees in the New York City Department of Welfare, by this proceeding under article 78 of the Civil Practice Act, attack the reclassification of various administrative employees in that department. This reclassification, like that involved in *Matter of Mandle* v. *Brown* (4 A D 2d

283) was part of a city-wide reclassification of some 125,000 positions authorized by State legislation, resolution of the Board of Estimate, and implemented by a costly management survey.

Special Term granted the petition in part, and respondents have appealed to this court. The order granting the petition in part should be reversed, but with leave granted to the petitioners to serve an amended petition, if they be so advised.

The burden of the petition is that as a consequence of the reclassification of titles and the reallocation of salaries, certain incumbents, not including petitioners, were transferred to positions higher in grade and in salary, although all the members of the group, including the petitioners, had previously occupied positions with the same permanent titles. It is alleged that the reclassification had been accomplished as a result of a survey and job analysis but that the result of the survey was not predicated upon seniority, length of tenure in office, or merit and fitness. For these reasons, it is charged that certain of the reclassifications were promotional, effected without the benefit of competitive examinations and, therefore, fall afoul of the constitutional and statutory inhibitions. (N. Y. Const., art. V, § 6; Civil Service Law, § 16.)

Unlike the petition in the *Mandle* case, there are no allegations in the petition or in the affidavits to the effect that petitioners prior to reclassification had had the same duties and the same responsibilities as some of those to whom the so-called higher positions and higher salaries were allocated. That omission is crucial.

The principles applicable to reclassification and reallocation were detailed in the *Mandle* case, and there is no purpose served in extended repetition. Applying those principles, however, to the petition in this case it is apparent that the petition is insufficient. The rule is that there is no invalidity in a reclassification if it substantially conforms civil service structure to the realities which obtained prior to reclassification. So it is that if the reclassification does no more than give accurate titles and more accurate job descriptions to positions which existed before the reclassification it is valid.

In the *Mandle* case, the petition was not dismissed and the proceedings were remanded to Special Term for the taking of further proof. This was because, as already indicated, the petition and supporting affidavits in that case contained averments of facts which, if true, established invalid promotions

in the guise of a purported reclassification. In the absence of equivalent allegations or averments in this case, the petition should be dismissed. However, since this case arose and was decided at Special Term before the *Mandle* case was determined in this court it is advisable that petitioners be granted leave to replead if they be so advised.

Accordingly, the order granting the petition in part should be reversed, on the law, the petition dismissed, and petitioners granted leave, however, to serve an amended petition, if so advised, without costs to the parties to this appeal.

BREITEL, J. P., RABIN, VALENTE, McNALLY and BASTOW, JJ., concur.

Order unanimously reversed on the law and the motion granted, the petition is dismissed and petitioners granted leave, however, to serve an amended petition, without costs to the parties to this appeal.

Settle order.